**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 4:16-CR-00020 |
| v. | (Judge Brann) |
| KALONJI JONES, | |
| Defendant. | |

**MEMORANDUM OPINION**

**MAY 2, 2018**

Defendant Kalonji Jones filed a motion to vacate his sentence under 28 U.S.C. § 2255. For the reasons that follow, that motion will be denied.

## I.    BACKGROUND

On May 26, 2016, Kalonji Jones pled guilty to possession with intent to deliver heroin and possession of a firearm by a convicted felon. Mr. Jones had two previous state convictions for possession with intent to deliver cocaine. Therefore, at his sentencing on February 3, 2017, this Court sentenced Mr. Jones as a "career offender" under the United States Sentencing Guidelines.

On September 12, 2017, Mr. Jones filed a motion to vacate his sentence under 28 U.S.C. § 2255, arguing (1) that his prior drug convictions were not "controlled substance offense[s]" as that term is defined in the Sentencing Guidelines, (2) that, as a consequence, he should not have been considered a career

offender, and (3) that his counsel was constitutionally ineffective for failing to raise that issue at sentencing.

## II.    DISCUSSION

Mr. Jones's argument is a simple one:

1.    Under the Sentencing Guidelines, a conviction is a "controlled substance offense" only if it was for <u>manufacturing</u>, <u>importing</u>, <u>exporting</u>, <u>distributing</u>, or <u>dispensing</u> a controlled substance.[1]

2.    His Pennsylvania convictions were for intending to <u>deliver</u> a controlled substance—not for intending to <u>manufacture</u>, <u>import</u>, <u>export</u>, <u>distribute</u>, or <u>dispense</u> a controlled substance.[2]

3.    Therefore, his Pennsylvania convictions were not "controlled substance offenses" under the Sentencing Guidelines, and he should not have been considered a "career offender" under those guidelines.

While the United States Court of Appeals for the Third Circuit has not yet decided this exact question, the United States Court of Appeals for the Seventh Circuit, interpreting a state law identical to the one at issue here, has, holding that "the state's definition of 'delivery' comes within [the Sentencing Guideline's

---

[1]    United States Sentencing Guidelines § 4B1.2(b).

[2]    35 P.S. 780-113(a)(30).

definition of "controlled substance offense"] because [it] is just another word for distribute or dispense."[3]

This Court agrees with the Seventh Circuit's analysis, and holds that Mr. Jones's convictions for possession with intent to deliver cocaine were "controlled substance offenses" under the Sentencing Guidelines. Therefore, failure to raise this argument at sentencing did not prejudice Mr. Jones,[4] and his motion will be denied. Because Mr. Jones has not "made a substantial showing of the denial of a constitutional right,"[5] no certificate of appealability will issue.

An appropriate Order follows.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[3] *United States v. Redden*, 875 F.3d 374, 375 (7th Cir. 2017).

[4] *Strickland v. Washington*, 466 U.S. 668, 694 (1984) (noting that, to succeed on an ineffective assistance of counsel claim, a petitioner must show that "the result of the proceeding would have been different").

[5] 28 U.S.C. § 2253(c)(2); *see also* Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts.